**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DAVID POTTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CV: 10-BE-2250-S** |
| ) | |
| **CITY OF DOTHAN, ALABAMA et. a.** ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

COMES NOW, Plaintiff David Potter, and files this Amended Complaint against Defendants. Said Amended Complaint seeks to correct the spelling of the previous Defendants and properly name the Chief of Police.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and subject matter of this cause.

2. Plaintiff invokes the concurrent jurisdiction of this Court for claims pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

3. This Court has original jurisdiction for all state law claims that arise from the same facts and circumstances.

4. All averments in this complaint occurred in Dothan, Alabama in Houston County. Proper and timely notice was given to the City of Dothan.

## PARTIES

5. Plaintiff David Potter, (hereinafter to as Plaintiff) is a citizen of the United States of America, the State of Alabama, and a resident of Dothan, Houston County, Alabama.

6. Defendant City of Dothan, Alabama is a municipal corporation incorporated under the laws of the State of Alabama and is legally responsible for the customs, policies, and practices of its Police Department that resulted and were a proximate cause of the violation of Plaintiff's clearly established constitutional rights under the United States Constitution, Statutes, and case law. At all times relevant, the City of Dothan and its Police Department had policies, customs and practices violated Plaintiff's clearly established constitutional rights. This is also an action against the City of Dothan, its Police Chief for their customs, policies, and practices as alleged in the

complaint, and a Dothan police sergeant and lieutenant, separately and severally, who were superior to Defendant Timothy Traynhm under theory of their failure to properly train and supervise Defendant Traynhm, and any other officer involved regarding proper use of force and deliberate indifference to violations of constitutional rights in connection with arrest.

7. Defendant Chief of Police **Steve Parrish** was the head of the Department at the time of the incidents described herein and the person over Defendant **Timothy Traynhm** and any other Fictitious Defendant that participated in use of excessive force against Plaintiff. In this capacity Defendant Chief of Police had the authority under state law and municipal practice of said city, to formulate and oversee official and unofficial policies, practices, and customs of the police department for hiring, screening, training, supervision and discipline of the police officers of the department. And in that position and capacity, had the authority and was responsible for investigating complaints of police misconduct and imposing discipline or recommending the imposition of discipline upon police officers and formulating policies, practices, and customs relating thereto. At all times hereunder, Defendant Chief of Police was acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of Alabama, and the City of Fairfield and acting within the scope of his employment. Defendant Chief is sued in his individual and official capacity.

8. Defendant Timothy Traynhm at all times relevant was a City of Dothan Police Officer on duty at the time of the incidents complained of herein and was the officer who used excessive force on Plaintiff and acted with deliberate indifference to Plaintiff's constitutional rights as they were being violated. Said Defendant was acting under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of Alabama, and the City of Dothan and within the scope of his employment. Alternatively, said Defendants were acting outside the scope of their employment. This is also a civil action against Officer Traynham, individually and in his official capacity as a City of Dothan Police Officer for the actions hereinafter described, on or about September 10, 2014 when Defendant Traynham used excessive force on Plaintiff while trying to arrest him which resulted in severe injuries, along with at least one other City of Dothan Police officer who failed to prevent the violations of Plaintiff's constitutional rights when they had an opportunity to prevent said violations, and their superiors (hereinafter referred to as their "superior officers") all individually and in their official capacities.

9. **Defendant Ray Mock** at all times relevant was a City of Dothan Police Officer on duty at the time of the incidents complained of herein and was the officer who failed to prevent the use of excessive force against Plaintiff and acted with deliberate indifference to Plaintiff's constitutional rights as they were being violated. Said Defendant was acting under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of Alabama, and the City of Dothan and within the scope of his employment. Alternatively, said Defendant was acting outside the scope of his employment.

10. Fictitious Defendants "A," "B" and "C" whether singular or plural who assisted in the beating and use of excessive force against Plaintiff David Potter whose names are currently unknown but will be added by amendment when ascertained.

11. Fictitious Defendants "D," "E," and "F" whether singular or plural being those officers and/or employees for Defendant City of Dothan who failed to intervene and/or prevent the use of excessive force against Plaintiff David Potter whose names are currently unknown but will be added by amendment when ascertained.

12. Fictitious Defendants "G," "H," and "I" whether singular or plural being the Police Sergeant for the City of Dothan who is the superior those Dothan Police Officers who beat and used excessive force against Plaintiff David Potter.

13. Fictitious Defendants "J," "K," and "L" whether singular or plural being the Police Lieutenant for the City of Dothan who is the superior of those Dothan Police Officers who beat Plaintiff David Potter,

14. Fictitious Defendants "G," "H," and "I" whether or singular or plural being those persons, corporations, firms, or other entities, which is the successor in interest of any of the persons, corporations, firms or other entities described above whose names are currently unknown but will be added by amendment when ascertained.

15. The term Defendant Officers used herein shall be used to refer to Defendant Treynhm, Defendant Sergeant, Defendant Lieutenant, and any other Fictitious Defendant whose name is currently unknown who was a police officer with the City of Dothan Police Department and caused and/or contributed to the cause of the injuries sustained by Plaintiff as a result of the use of excessive force.

## **FACTS**

16. On or about September 10, 2014 at approximately 1:30 a.m. Defendants knocked on the door of Plaintiff's home located at 103 Whiteoak Circle, Dothan, Alabama.

17. When Plaintiff realized it was the police at the door, out of an abundance of caution, Plaintiff laid face down in a prone position on the floor.

18. Plaintiff's mom, Helen Potter, opened the door for the police.  When she opened the door, Plaintiff was already lying face down on the floor on his stomach in a submissive, compliant, non-threatening position.  Plaintiff at no time resisted and/or exhibited any action that was threatening to the officers.

19. Upon entering the home, two of the three officers present, including Defendant Traynhm grabbed Plaintiff's arm while he was still lying face down on the floor in a submissive non-threatening position under the control of Defendant Officers.

20. Defendant Traynhm then punched Plaintiff on the left side of his face and kicked Plaintiff in the right eye without provocation or reason from Plaintiff while Plaintiff was subdued and under the control of Defendant Officers.

21. While Defendant Traynhm was assaulting Plaintiff, his mom was forced to remain in the kitchen and kept under watch by another officer.

22. Defendant was eventually transported to the City of Dothan Jail, where because of the severity of his injuries he was denied admission until he received medical treatment.  Plaintiff was then transported to Southeast Medical Center Emergency Room where he was treated.

23. Plaintiff had to have a CT scan which indicated he had a broken facial bone under his eye.

24. The conduct of Defendants, jointly and severally, shocks the consciousness of ordinary law abiding citizens.

25. Each of the Defendants herein, separately and in concert, engaged in conduct herein mentioned causing the injuries to Plaintiff as described above and depriving Plaintiff of the rights, privileges, and immunities secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

26. As a result of the aforesaid acts and omissions on the part of the Defendants described above, Plaintiff suffered personal injuries and damages, and will suffer permanent

injuries in the future, and was deprived of his civil liberties, and was deprived of his clearly established constitutional right to be free from excessive force during arrest.

27. As a proximate cause of the aforesaid actions, omissions, and conduct of the Defendants described above, Plaintiff's clearly established constitutional rights to be free from unreasonable search and seizure and from excessive force during arrest, and his rights to due process under the Fourth and Fourteenth Amendments were violated.

28. Defendants City of Dothan and Chief of Police, authorized, ratified and confirmed the above stated conduct by:

   a. Their customs, policies, and practices within the Dothan Police Department of failing to properly supervise and train officers such as Defendant Traynhm to use only reasonable force in making an arrest, and to protecting the constitutional rights of citizens; and preventing violations to those rights.

   b. Their customs, policies, and practices within the Dothan Police Department of allowing the widespread use of excessive force by police officers and violating constitutional rights of citizens;

   c. Their customs, policy, and practice within the Dothan Police Department of not having formal policies, rules, and regulations regarding police officer conduct and police procedures.

29. At all times mentioned herein Defendant City of Dothan, was a municipal corporation of the State of Alabama, and was the employer of Defendant Chief of Police, Defendant Traynhm, Defendant Sergeant, Defendant Lieutenant, and Fictitious Defendants whose names are currently unknown, and who provided each of the individual Defendants with an official badge and identification card which designated and described its bearer as a police officer of the City of Dothan Police Department.

30. The City of Dothan is the municipal corporation in whose name the above said officers performed all acts and omissions alleged herein.

31. During all times mentioned herein, the City of Dothan, Defendant Chief of Police and Defendant Officers, separately and in concert, acted under color of law, to-wit, under the color of statutes, ordinances, regulations, customs and usages of the State of Alabama, Houston County, and the City of Dothan.

32. At all times mentioned herein Defendant Officers were acting within the line and scope of their duties as peace officers and acting under the color and authority of state and municipal laws customs, usage and practice.

33. Alternatively, at all times herein, Defendant Officers were acting individually and outside the line and scope of their duties and responsibilities as peace officers, agents, employees, and officials of the City of Dothan and the Dothan Police Department.

### COUNT ONE-SECTION 1983 CLAIM
### DELIBERATE INDIFFERENCE

34. Plaintiff incorporates paragraphs one through thirty-five as if fully set forth herein.

35. Defendants collectively and separately and severally, exercising their position of authority and acting under color of state law in their capacity of public officials and representatives of the City of Dothan and the Dothan Police Department, violated Plaintiff's above described federally protected statutory rights by their:

   a. Deliberate indifference to clearly established constitutional rights of Plaintiff to be free from excessive force during arrest;

   b. Unofficial practice of using excessive force during arrests; and

   c. Customs, policies, and practices of failing to or inadequately supervising and training police officers, especially Traynhm, in the use of excessive force.

36. As a proximate result of aforesaid actions and omissions of the above Defendants, Plaintiff suffered violations of his clearly established constitutional rights and personal injuries and damages as described above.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

### COUNT TWO – SECTION 1983 CLAIM
### EXCESSIVE FORCE

37. Plaintiff incorporates paragraphs one through thirty-eight as if they are set forth fully herein.

38. Defendant Traynhm punched and kicked Plaintiff in the fact without justification while Plaintiff was lying on the floor on his stomach.

39. Defendant Traynhm's excessive and unreasonable force, proximately caused violations to Plaintiff's clearly established 4th and 14th rights under the Constitution as described above and Plaintiff's injuries and damages described above.

40. Defendant Traynhm was acting under color of state law.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

## COUNT THREE – CLAIM AGAINST DEFENDANT RAYMOTT AND UNIDENTIFIED DOTHAN POLICE OFFICER FOR FAILING TO PREVENT EXCESSIVE AND UNREASONABLE USE OF FORCE DURING THE ARREST

41. Plaintiff incorporates paragraphs one through forty-two as if fully set forth herein.

42. Defendant Ray Mock and an unidentified officer were on the scene of the incident complained of herein and violated Plaintiff's civil rights by failing to intervene and stop Defendant Treyhnm from using excessive and unreasonable force against Plaintiff.

43. Defendant Ray Mock and the unidentified officer knew or should have known and/or observed Defendant Traynhm's use of excessive force and knew said acts were unlawful.

44. Defendant Ray Mock and the unidentified officer had the realistic opportunity to intervene but failed to take reasonable steps to prevent the violations of Plaintiff's clearly established constitutional rights described above.

45. As a proximate result of the officers failure to intervene and/or take reasonable steps to prevent Defendant Traynhm's use of excessive force upon Plaintiff, Plaintiff suffered a violation of his 4th Amendment Rights to Due Process and injuries and damages as described above.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

## COUNT FIVE
## POLICYMAKER RATIFICATION
## MUNICIPAL LIABILITY
## 42 U.S.C. 1983

46. Plaintiff incorporates paragraphs one through forty-seven as if fully set forth herein.

47. Defendant Police Chief was the Chief of Police of Defendant City of Dothan and had final policymaking authority over the City of Dothan law enforcement practices, including use of excessive force.

48. Defendant Chief of Policy in his capacity as Chief of Policy and final policymaker for the City of Dothan acted under color of state law.

49. Plaintiff suffered violations of his federally protected rights not to be subject to unreasonable and excessive force during arrest.

50. The above described deprivations of Plaintiff's rights were caused by Defendant Traynhm, Defendant Ray Mock, and the unidentified officer.

51. Defendant Chief of Police ratified the actions of the officers and the basis for those actions.

52. As a proximate result of Defendant Chief of Police's ratification of the above actions by Defendants, Plaintiff suffered violation of his 4th Amendment Right to Due Process, personal injuries and damages as described above.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

## COUNT SIX – INADEQUATE TRAINING
## MUNICIPAL LIABILITY UNDER 42 U.S.C. 1983

53. Plaintiff incorporates paragraphs one through fifty-four as if fully set forth herein.

54. City of Dothan and Defendant Chief of Police, inadequately trained in its police officers in that they

   a. Inadequately trained its police officers in use of unreasonable and excessive force during arrest;

   b. Inadequately trained its police officers in the intervention and prevention of violations of federally protected constitutional rights of citizens; and

      c. Inadequately trained its police officers in protecting the federally protected constitutional rights of its citizens.

55. The acts of Defendant Officers deprived Plaintiff of his federally protected 4th Amendment Rights as stated above.

56. Defendant Officers were acting under color of state law.

57. The training policies of Defendant City of Dothan and Defendant Chief of Police were either non existent or were not adequate to train its police officers to handle the usual and reoccurring situations with which they must deal, including but not limited to, use of unreasonable and excessive force.

58. Defendant City of Dothan and Defendant Chief of Police were deliberately indifferent to the obvious consequences of its failure to train Defendant Officers.

59. The failure of Defendant City of Dothan and Defendant Chief of Police to provide adequate training proximately caused the deprivation of Plaintiff's rights by Defendant Officers, that is the Defendant City of Dothan's and Defendant Chief of Police's failure to train was so closely related to the deprivation of Plaintiff's federally protected constitutional rights as to be the moving force that caused Plaintiff's ultimate injuries.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

## COUNT SEVEN – CUSTOM AND PRACTICE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. 1983

60. Plaintiff incorporates paragraphs one through sixty-one as if fully set forth herein.

61. Defendant City of Dothan and Defendant Chief of Police, were policy-makers for the City of Dothan Policy Department, including the Dothan Police Lieutenant and the Dothan Police Sergeant who were Defendant Officers superiors.

62. The violation of Plaintiff's rights was pursuant to a long standing custom and practice of implicit approval by Defendant City of Dothan and Defendant Chief of Police's unofficial use of excessive and unreasonable force by members of the Dothan Police Department and in connection with not training and/or adequately supervising their police officers.

63. Defendant City of Dothan and Defendant Chief of Police:

   a. Created an unofficial practice under which such as the unconstitutional acts such as those described could occur;

   b. Allowed the continuation of the said unofficial unconstitutional practices to continue on the day of the incident described herein;

   c. Failed to discipline the officers directly involved in the incident;

   d. Failed to supervise the officers directly involved in the incident; and

   e. Were otherwise deliberately indifferent to supervision of the officers involved directly in the incident.

64. As a proximate result of the actions of Defendant City of Dothan and Defendant Chief of Police described above, Plaintiff's federal and constitutional rights were violated.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

## COUNT EIGHT
## SUPERVISOR LIABILITY UNDER 42 U.S.C. 1983

65. Plaintiff incorporates paragraphs one through sixty-six as if fully set forth herein.

66. Defendants City of Dothan, Chief of Police, Lieutenant, Sergeant, and any Fictitious Defendant Superior facilitated the acts described above by:

   a. Creating an unofficial practice under which such as the unconstitutional acts such as those described could occur;

   b. Allowing the continuation of the said unofficial unconstitutional practices to continue on the day of the incident described herein;

   c. Failing to discipline the officers involved in the incident; and

   d. Failing to supervise the officers involved in the incident;

67. Defendants City of Dothan, Chief of Police and the above described Dothan Police Lieutenant and Dothan Police Sergeant were informed of the above described use of excessive force upon Plaintiff but failed to take disciplinary actions against the above described officers and

were otherwise indifferent to supervising Defendant Officers who engaged in the above stated constitutional acts.

68. As a proximate result of the Defendants indifference, Plaintiff's federally protected constitutional rights were violated as described above.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

## COUNT NINE – STATE CLAIMS
## ASSAULT AND BATTERY/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

69. Plaintiff incorporates paragraphs one through seventy as if fully set forth herein.

70. The acts of Defendant Traynhm was done willfully, maliciously, outrageously, recklessly, deliberately, and with the intention to inflict personal injuries and emotional distress upon Plaintiff.

71. Said acts of punching and kneeing Plaintiff for no justifiable reason caused Plaintiff to fear for his life, and were done in reckless disregard of the probability of causing Plaintiff personal injuries, pain and suffering, fear of harm and emotional distress.

72. As a proximate cause of the above described acts of Defendant Traynhm, Plaintiff suffered the injuries described above.

73. Plaintiff was denied acceptance into the jail until he was treated by Southeast Alabama Medical Center Emergency Room as a result of the officer(s) acts.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

## COUNT TEN
## STATE CLAIM- RESPONDEATE SUPERIOR

74. Plaintiff incorporates paragraphs one through seventy-five as if fully set forth herein.

75. At all times mentioned herein, Defendant City of Dothan, acting by and through Defendants Chief of Police, Dothan Police Sergeant, and Dothan Police Lieutenant who were

superiors over Defendant Traynhm exercised supervision and control over Defendant Traynhm and at all times were responsible over their actions.

76. As a proximate result of said Defendants reckless and negligent supervision, management, and control over Defendant Traynhm and the other Defendant Officers, Plaintiff suffered injuries and damages as described above.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

## **PRAYER FOR RELIEF**

77. Plaintiff prays that this Court assume jurisdiction of the cause and exercise its supplemental jurisdiction of all state claims;

78. Grant the Plaintiff compensatory and punitive damages separately and severally against the above described Defendants and in their individual and official capacities;

79. Award Plaintiff costs and reasonable attorney fees as authorized by 42 U.S.C. 1988;

80. Enjoin Defendants from further acts of violence and indifference such as that alleged herein;

81. Order the City of Dothan and Defendant Chief of Police to draft policies and procedures to be reviewed by this Honorable Court and the implemented in the City of Dothan Police Department, and to their review their supervisory and training programs in the Dothan Police Department, and implement changes incorporate better training programs of their officers;

82. Order the current Dothan Police Chief to retrain his police officers to use reasonable force when making arrest;

83. Award such other, further, and different relief as this Honorable Court may deem appropriate, fair and equitable.

Respectfully Submitted,

/s/ Tiffany Johnson Cole

_____
TIFFANY JOHNSON COLE (JOH173)
ROBERT SIMMS THOMPSON (THO038)
Attorney for Plaintiff

**OF COUNSEL:**
**LAW OFFICES OF ROBERT**
     **SIMMS THOMPSON, PC**
P.O. Box 830780
Tuskegee, Alabama 36083
334.727.6463
334.727.5746 (Facsimile)