IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID POTTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  1:16cv749-CSC |
| | ) | (WO) |
| CITY OF DOTHAN, ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

On October 11, 2016, the individual defendants filed a motion to dismiss claims against them in their official capacities. (Doc. # 16). In response, the plaintiff filed an amended complaint. *See* Doc. # 23. On November 14, 2016, the individual defendants again filed a motion to dismiss the amended complaint's official capacity claims against them. *See* Doc. # 28. The plaintiff agrees that the official capacity claims against Officers Traynham and Mock should be dismissed. However, he contends that Chief Parrish should not be dismissed in his official capacity. The City of Dothan is also named as a defendant but did not file any motion. On December 20, 2016, the court heard argument on the motion to dismiss. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 690 n. 55

(1978)).  Where, as here, "the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. at 166.  "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir.1991); *see also Dickinson v. City of Huntsville*, 822 So.2d 411, 415 (Ala. 2001) (panel decision) (holding, in a case involving claims of fraud, fraudulent misrepresentation, negligent supervision and hiring, negligence, and wantonness, that the mayor of Huntsville, Alabama, "is, in her official capacity, within the line and scope of her office, the agent of the City, through whom the City acts. Thus, to sue the mayor in her official capacity is simply another way of suing the City.").  Accordingly, the court will dismiss Mr. Potter's official capacity claims against Chief Parrish and Officers Traynham and Mock because the suits against municipal officers in their official capacities are treated as suits against the municipality itself. Mr. Potter has named the City of Dothan as a defendant in this action, so his official capacity claims are unnecessary.

Upon consideration of the motion to dismiss, the plaintiff's response, and for good cause, it is

ORDERED that the individual defendants' motion to dismiss the claims against them in their official capacities (doc. # 28) be and is hereby GRANTED, and the claims against Chief Parrish and Officers Traynham and Mock in their official capacities be and are hereby DISMISSED with prejudice.

It is further

ORDERED that the defendants' motion to dismiss (doc. # 16) filed on October 11, 2016 be and is hereby DENIED as moot.

Done this 20th day of December, 2016.

                                          /s/Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE