IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID POTTER,                         )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )   CIVIL ACT. NO. 1:16cv749-CSC
                                      )                (WO)
CITY OF DOTHAN, ALABAMA, *et al.*,    )
                                      )
    Defendants.                       )

**MEMORANDUM OPINION and ORDER**

Now before the court is the plaintiff's first motion to compel (doc. # 47) filed on April 20, 2017. The defendants have file a response in opposition to the motion to compel (doc. # 51) and the plaintiff has filed a reply (doc. # 52). For the reasons that follow, the court concludes that the motion to compel should be granted in part with limitations and denied in part.

FED.R.CIV.P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . " The Committee Comments to FED.R.CIV.P. 26 confirm that requiring relevance to a claim or defense "signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." GAP Report of Advisory Committee to 2000 amendments to Rule 26.

In determining what discovery to allow, the court is likewise guided by some other

fundamental principles. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1).

> [D]istrict courts have broad discretion in fashioning discovery rulings, they are bound to adhere "to the liberal spirit of the [Federal] Rules." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 305 (5th Cir. 1973). The Federal Rules do not give district courts "blanket authorization . . . to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." *Williams v. City of Dothan, Ala.,* 745 F.2d 1406, 1416 (11th Cir. 1984) (quoting *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944-45 (2nd Cir. 1983)).

*Adkins v. Christie,* 488 F.3d 1324, 1331 (11th Cir. 2007).

"Rule 26 . . . [(b)(1)] is highly flexible, having been designed to accommodate all relevant interests as they arise . . . " *U. S. v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1999). In particular, considerations of the public interest, the need for confidentiality, and privacy interests are relevant factors to be balanced. *See, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n. 21 (1984) ("Although ... Rule [26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.").

At issue in this case are four requests for production of documents. In Request for Production # 1(k), the plaintiff seeks from the City of Dothan copies of "any and all complaints regarding the officers named in the lawsuit." (Doc. # 47 at 2). In Request for Production # 10, he seeks from the City "all documents related to any internal investigation"

related to the plaintiff or this litigation. (*Id*.). In Request for Production # 11, the plaintiff seeks "the complete personnel file, training file, and internal affairs file of each of the individual defendants." (*Id*.). With respect to defendants Mock and Traynoholm, in Request for Production # 5, the plaintiff seeks "copies of any and all complaints made against [each] Defendant for police misconduct of any kind." (*Id*. at 4). The defendants object to the discovery requests as overbroad, not relevant, and protected by privilege and work product doctrine. *See* Doc. # 51.

While the court agrees that the plaintiff is entitled to information related to excessive force complaints against the officers named in this litigation, his requests are overbroad and due to be narrowed in scope and time. Thus, the court concludes that with respect to Request for Production # 1(k) to the City and Request for Production # 5 to Mock and Traynoholm, the defendants should produce any complaints of excessive force against these defendants within three (3) years of the date of the incident that forms the basis of this lawsuit.

In Request for Production # 11, the plaintiff seeks the personnel file, training file, and internal affairs file of each named defendant. While the plaintiff again seeks broad discovery, the court concludes that information related to the individual defendants' training on the use of force is discoverable. Accordingly, the court will require the City to produce information from the individually named defendants' training files that relate to any use of force training they received within three (3) years of the date of the incident that forms the basis of this lawsuit.

3

Finally, in Request for Production # 10 and # 11, the plaintiff seeks all documents related to the internal affairs investigation of the plaintiff, the internal affairs files of the individual defendants, and the complete personnel files of the individual defendants. Because the court has permitted discovery regarding any excessive force complaints against the named defendants, the court concludes that at this juncture the plaintiff has failed to point the court to any evidence that the internal affairs files and personnel files will provide any additional relevant, non-privileged information. Accordingly, the motion to compel with respect to these requests will be denied.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the motion to compel (doc. # 47) be and is hereby GRANTED in part and DENIED in part as follows:

1. With respect to Request for Production # 1(k) to the City and Request for Production # 5 to Mock and Traynoholm, the motion to compel be and is hereby GRANTED to the extent that the defendants shall produce any complaints of excessive force against the individually named defendants within three (3) years of the date of the incident that forms the basis of this lawsuit

2. With respect to Request for Production # 11, the motion to compel be and is hereby GRANTED to the extent that the defendants shall produce any information from the individually named defendants' training files that relate to any use of force training they received within three (3) years of the date of the incident that forms the basis of this lawsuit.

3. With respect to Request for Production # 10 and # 11, the motion to compel be and is hereby DENIED as to the internal affairs investigation of the plaintiff, the internal affairs files of the individual defendants, and the complete personnel files of the individual defendants.

4. In all other aspects, the motion to compel be and is hereby DENIED.

Done this 12th day of May, 2017.

                                         /s/Charles S. Coody
                                         CHARLES S. COODY
                                         UNITED STATES MAGISTRATE JUDGE