IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID POTTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:16-cv-749-GMB |
| | ) | [WO] |
| CITY OF DOTHAN, ALABAMA, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the court are the Defendants' Motion to Exclude the Opinion of Plaintiff's Expert Charles Drago (Doc. 61) and Plaintiff's Motion to Strike Exhibit F to Defendants' Motion to Exclude the Opinion of Plaintiff Expert Charles Drago. Doc. 66.

Potter has secured the expert opinion of Charles W. Drago of Drago Professional Consultants, LLC for use in this case. Drago offers Opinion A regarding the use of excessive force and Opinion B regarding the efficacy of the investigation of complaints by the Dothan Police Department. The defendants have moved to exclude Drago's opinions. They do not challenge Drago's qualifications but state that portions of Drago's report are based upon insufficient facts which render his opinion unreliable. Potter, in turn, has moved to strike some of the documents attached to the defendant's motion to exclude this testimony.

### **I. STANDARD OF REVIEW**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702, as interpreted by the Supreme Court, "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993). This "gatekeeping function is important to ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation expert testimony." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (quotation and citation omitted).

## II. DISCUSSION

In determining the admissibility of expert testimony under Rule 702, this court must conduct a rigorous three-part inquiry, considering whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact through the application of scientific, technical, or specialized expertise, to understand the evidence, or to determine a fact in issue. *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998).

In determining reliability, the court may ask: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." *McCorvey v. Baxter Healthcare Corp.,* 298 F.3d 1253, 1256 (11th Cir. 2002). Other factors which may be relevant to a determination of reliability are (1) whether the expert has developed his opinions expressly for the purpose of testifying, (2) whether there is an analytical gap between an accepted premise and a conclusion, (3) the expert's consideration of alternative hypotheses, (4) the degree of care exercised, (5) and whether the field of expertise is known to reach reliable results. *See* Fed. R. Evid. 702, Advisory Committee's Note to 2000 Amendments (2014).

The defendants object to Drago's opinion regarding Defendant Timothy Traynham's use of force, stating that the opinion is based solely on an email from Potter's attorney. Potter responds that it is clear from Drago's report that he considered evidence produced in discovery, photographs, offense reports, medical evidence, depositions, and other evidence, not merely an email from counsel.

The court has reviewed the portion of Drago's deposition in which he states that he relied on counsel's representation of Potter's version of events. In the deposition Drago was asked about whether he considered the facts as alleged in Potter's complaints and Drago explained that in his experience, complaints are amended and changed, so he did not go through the complaints, but instead relied on the attorney's description of Potter's version of the events. Doc. 61-2 at 82:12–22. This testimony does not undermine the

3

statement in his report that he considered, along with the attorneys' statement of the facts, other evidence and sources of information such as medical reports and depositions. Doc. 67-1 at 10.

Under these circumstances, the defendants' challenge is less to Drago's methodology and more to the flaws in the facts he considered. Within the Eleventh Circuit, "inadequacies of a study are more appropriately considered an objection going to the weight of the evidence rather than its admissibility." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1345 (11th Cir. 2003). The motion, therefore, is due to be DENIED as to his opinions regarding excessive force.

The defendants also seek to exclude Drago's opinions regarding the City of Dothan's investigation of complaints. The defendants contend that Drago's opinion is not reliable because he acknowledged that he would need to review the investigative documents to formulate an opinion but had not done so, instead reviewing only the complaints. The defendants attach the internal investigation documents as Exhibit F to their brief. Docs. 61-6 & 61-7. Potter states that he requested these documents during discovery, but his Motion to Compel was denied. He argues, therefore, that if he was not allowed to have these documents, the defendants ought not be allowed to rely on them, and moves to strike them.

On May 12, 2017, this court denied a motion to compel as to the internal affairs files of the individual defendants, finding that it had allowed discovery regarding excessive force complaints against the named defendants, so the internal affairs files had not been shown to provide any additional relevant information. Doc. 53 at 4.

The court tends to agree that its May 12, 2017 Order denying the motion to compel contemplated that discovery regarding excessive force complaints against the named defendants would have included information regarding the investigation of those complaints. Doc. 53 at 4. However, Drago's opinions as to the efficacy of the City of Dothan's investigations, although not offered in opposition to the motion for summary judgment filed by the defendants, appear to be relevant only to Potter's claims for municipal liability for a federal constitutional violation. By separate Memorandum Opinion and Order, the court has concluded that Potter has not met his burden of creating a question of fact in response to the defendant's motion for summary judgment on municipal and supervisory liability for the federal claim of excessive use of force. That aspect of Drago's report, therefore, does not appear to bear relevance in this case as to the issues remaining for trial.

Potter's motion to strike Exhibit F is before the court as an objection to its consideration in evaluating the *Daubert* motion to exclude Drago's opinions about the City of Dothan's investigations. It appears, therefore, that both the Motion to Exclude as to those aspects of Drago's opinion and the Motion to Strike are moot in light of the court's ruling on the motions for summary judgment. Therefore, the court will deny those aspects of the pending motions as moot at this time. If the parties seek to admit Drago's opinions regarding investigations or the documents in Documents 61-6 and 61-7 at trial for some purpose other than municipal liability on the federal claim, their admissibility may be addressed in a motion *in limine*.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. The Motion to Exclude (Doc. 61) is DENIED as to Drago's report and Opinion A regarding excessive force and is DENIED as moot as to the report and Opinion B regarding investigation of complaints.

2. The Motion to Strike (Doc. 66) is DENIED as moot.

DONE this 6th day of September, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE